Aubrey Campbell and Lois Campbell v. Commissioner.
Campbell v. Commissioner
Docket No. 71240.
United States Tax Court
T.C. Memo 1960-39; 1960 Tax Ct. Memo LEXIS 249; 19 T.C.M. (CCH) 207; T.C.M. (RIA) 60039; March 16, 1960
William A. Rice, Esq., Harlan, Ky., for the petitioners. Bart A. Brown, Jr., Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, *250 Judge: The Commissioner determined a deficiency in income tax for 1956 in the amount of $9,167.28. The only question for decision is whether the Commissioner properly treated a claimed deduction as a nonbusiness bad debt rather than a business bad debt or as a loss deductible under the Internal Revenue Code of 1954, Sec. 165. All of the facts are stipulated and are so found. Petitioners, Aubrey and Lois Campbell, are husband and wife residing in Harlan, Kentucky. They filed a joint income tax return for 1956 with the district director at Louisville, Kentucky. Aubrey will be referred to hereinafter as petitioner. Prior to 1954, Silas Campbell, petitioner's father, conducted a sole proprietorship, known as Silas Campbell Construction Company, in Harlan, Kentucky. This proprietorship was engaged in the business of constructing large buildings and coal mining structures. While attending high school and college, petitioner worked for the proprietorship on a part-time basis. In 1939, petitioner quit college. From 1939 to March 1953, petitioner worked for the proprietorship on a full-time basis, and from March 1953 to August 1954, petitioner devoted a substantial *251 portion of his time and energies to the affairs of the proprietorship. On August 24, 1954, the proprietorship was incorporated under the laws of the State of Kentucky under the name of Silas Campbell Contractors, Inc. The corporation had an authorized capital of 1,000 shares of $100 par value common stock of which 90 shares were issued to petitioner and were held by him during the year 1956. From August 24, 1954 through December 31, 1956 petitioner was Secretary-Treasurer of Silas Campbell Contractors, Inc. As an officer of the corporation, petitioner devoted a substantial portion of his time and energies during this period to furthering the interests, business, and affairs of the corporation. In March 1953, Campbell and Morgan Construction Company was incorporated under the laws of the State of Kentucky, for the purpose of engaging in the business of building schools, residences, and other small buildings in the general vicinity of Harlan, Kentucky. The corporation had an authorized capital of 350 shares of $100 par value common stock of which 240 shares were issued to petitioner, who promoted the formation of the corporation, and were held by him during the year 1956. From March *252 1953 through 1956, petitioner was President of Campbell and Morgan Construction Company. As the principal officer of the corporation, petitioner devoted a substantial portion of his time and energies during this period to furthering the interests, business, and affairs of the corporation. At the time Campbell and Morgan Construction Company was incorporated, the original capital of $35,000 was considered sufficient to meet its reasonable needs. However, due to bad weather, labor difficulties, errors in judgment in submitted bids, etc., it became necessary for the corporation to obtain long-term credit. The local bank and other creditors of the corporation were not willing to extend such credit to the corporation unless someone agreed to guarantee payment of the debts of the corporation. Since the other officers and shareholders of Campbell and Morgan Construction Company were not in financial position to guarantee payment of the corporation's obligations, petitioner agreed to do so and, thereafter, guaranteed payment of notes executed by the corporation to the Bank of Harlan, Harlan, Kentucky, and amounts owed by the corporation to Baughman Insurance Agency and Pope and Cawood Lumber *253 Company. At the time petitioner guaranteed the payment of notes and open accounts of Campbell and Morgan Construction Company, he had every reason to expect and did expect that the corporation would be able to meet its obligations. During 1956 petitioner paid notes and accounts of Campbell and Morgan Construction Company for which he was liable as guarantor in the amount of $33,207.39. At the time of payment these notes and accounts were worthless as against the Company. In July 1955, petitioner purchased onethird of the capital stock of Insull Coal Mining Company, a corporation engaged in coal mining near Harlan, Kentucky. Petitioner sold his stock in this corporation in October 1956. Between July 1955 and October 1956, petitioner was Secretary of Insull Coal Mining Company and devoted a small portion of his time and energies to its affairs. The only companies in whose affairs petitioner actively participated during the year 1956, were Campbell and Morgan Construction Company, Silas Campbell Contractors, Inc., and Insull Coal Mining Company. Petitioner was not regularly engaged in the money-lending business during the year 1956. As a sole proprietor, petitioner in 1954 *254 constructed a swimming pool for the Harlan Country Club. Petitioners reported the income, expenses, and net profit from this endeavor on Schedule C of their 1954 income tax return. From 1939 through 1956, all of petitioner's time and energies have been devoted to the proprietorship and/or the corporations as hereinabove set out. In determining the deficiency herein the Commissioner held that the deduction claimed by petitioner in the amount of $33,207.39 (the payments referred to above) was not a business bad debt but was allowable as a nonbusiness bad debt as a short-term capital loss. Petitioner makes two contentions. His first contention is that his business was that of a "promoter of enterprises" and that he properly was entitled to the claimed deduction as business bad debt under the Internal Revenue Code of 1954, Sec. 166(a)(1). The record before us does not support petitioner's contention. During the period from March 1953 through 1956 petitioner was connected with four enterprises. One was Silas Campbell Contractors. This, prior to August 1954 had been his father's sole proprietorship of which petitioner was an employee. After its incorporation, *255 petitioner became a minor stockholder and the corporation's Secretary-Treasurer. There is nothing in the record to show he promoted the incorporation or even invested any money in the enterprise. If he engaged in any promotional activity during the pertinent years, it was in connection with Campbell and Morgan Construction Company whose formation, it is stipulated, he "promoted." The only other corporation involved is Insull Coal Mining Company in which petitioner purchased one-third of the capital stock in July 1955 and which he sold in October 1956. The fourth enterprise consisted of the construction of a single swimming pool for a country club which petitioner did as a sole proprietor. We do not think petitioner's activities with respect to these enterprises are "so extensive as to qualify as the exceptional situation of being in the trade or business of promoting, managing, and financing corporations." ; . Cf. (C.A. 5), reversing a Memorandum Opinion of this Court [. Petitioner has not shown any *256 proximate relationship between the claimed bad debt and any trade or business in which he was engaged. He is not entitled to a deduction for a business bad debt. Petitioner's second contention is that the loss is deductible under section 165(c)(2) as a loss incurred in a "transaction entered into for profit, though not connected with a trade or business." But here we think petitioner is squarely foreclosed by which held that under the 1939 Code losses of this character are deductible, if at all, under the bad debt provisions and not under the general loss provisions. Petitioner concedes that section 165(c)(2) of the 1954 Code, which he here invokes, is identical with the Code sections construed by the Supreme Court in the Putnam case. But he points to section 166(f) [1] of the new Code which, he argues, gives a "new thrust" to section 165(c)(2). As we see it, section 166(f) has no effect on the present case. Here we have a stockholder - officer of a corporation who has made good on his guarantee of certain debts of the corporation. The corporate business is not his own, but the corporation's, and *257 we have held that the debt thus created bears no proximate relation to any business of petitioner's own, and that it is thus not deductible as a business bad debt under section 166(a)(1). The only effect of section 166(f) is to allow a deduction for a payment by a taxpayer in discharge of his obligation as guarantor of a "noncorporate obligation the proceeds of which were used in the trade or business of the borrower." That, of course, is not our case and petitioner does not argue that it is. Furthermore, we find nothing in section 166(f) nor in its legislative history which would indicate that Congress thereby intended to change the tax consequences of a transaction such as that before us which the Supreme Court in Putnam said resulted in the deduction of a "bad debt", if anything, and not in a "loss." We think the Putnam case is still the law under the 1954 Code. *258 Decision will be entered for the respondent. Footnotes
1. SEC. 166. BAD DEBTS. (f) Guarantor of Certain Noncorporate Obligations. - A payment by the taxpayer (other than a corporation) in discharge of part or all of his obligation as a guarantor, endorser, or indemnitor of a noncorporate obligation the proceeds of which were used in the trade or business of the borrower shall be treated as a debt becoming worthless within such taxable year for purposes of this section (except that subsection (d) shall not apply), but only if the obligation of the borrower to the person to whom such payment was made was worthless (without regard to such guaranty, endorsement, or indemnity) at the time of such payment.↩